# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,           ) | |
|           ) | |
|        Plaintiff,  ) | Case No.: 2:12-cr-00372-GMN-CWH |
|    vs.           ) | **ORDER** |
|           ) | |
| AMANDA FRIER,       ) | |
|           ) | |
|      Defendant.  ) | |

Pending before the Court is Defendant Amanda Frier's Motion to Amend the Judgment of Conviction (ECF No. 61), and the Government's Response (ECF No. 62).

On August 26, 2013, Defendant was sentenced to forty-six (46) months in custody to run concurrent with Defendant's Nevada State cases, followed by three (3) years of supervised release. (*See* ECF Nos. 48, 49).  During the sentencing hearing, the Court asked Defendant if she would prefer a specific geographic location for her federal prison sentence. (Tr. of Proceeding 41:8–9, ECF No. 55).  Defendant requested South Carolina to be close to her children. (*Id.* at 41:13–21).  The Court then recommended Defendant serve her term of incarceration in a facility near South Carolina. (Judgment 2, ECF No. 49).

In Defendant's motion, she indicates that her children now live in the Las Vegas area. (Mot. to Amend, ECF No. 61).  Defendant petitions this Court to notify the Bureau of Prisons of this change, and she requests this Court to recommend a facility near Las Vegas, NV. (*Id.*).

Federal Rules of Criminal Procedure 35 and 36 refer to correcting a sentence based on error.  Rule 35 requires the correction within fourteen (14) days. Fed. R. Crim. P. 35.  While Rule 36 allows for a correction at any time, it requires an error "arising from oversight or omission." Fed. R. Crim. P. 36.

Here, Defendant's motion comes over two years after her sentencing, making Rule 35 inapplicable.  Further, Defendant is not requesting the Court to correct an error, but instead to make a change.  The Court lacks jurisdiction to make such change under either applicable rule of Federal Rule of Criminal Procedure.  As such, the Court must deny Defendant's motion.

Nevertheless, the Court can make a recommendation for a defendant to be placed in a certain facility or location at the time of sentencing, even though the Court cannot guarantee such recommendation will be followed by the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . considering - . . . (4) any statement by the court that imposed the sentence").  Because the Court initially recommended South Carolina specifically for Defendant to be located near her children, the Court now recommends that the Bureau of Prisons place Defendant near Las Vegas, NV, to be close to her children.

Accordingly, the Court recommends that the Bureau of Prisons choose a location for incarceration of Defendant near Las Vegas, NV, so Defendant may be close to her children.

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend the Judgment of Conviction (ECF No. 61) is DENIED.

The Clerk of the Court shall send a copy of this Order to the Bureau of Prisons and the U.S. Marshal's Office to notify them of the Court's recommended location.

**DATED** this ____18____ day of November, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge